

FILED

NOV 2 3 2010

CLERK. US DISTRICT COURT
NORFOLK. VA

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**

INNOVATIVE LEGAL MARKETING, LLC,    )
                                    )
                Plaintiff,          )
                                    )
                                    )
v.                                  )
                                    )    Civil Action No.:  2:10 cv 580
MARKET MASTERS-LEGAL, A RESONANCE,  )
COMPANY, INC.,                      )    **JURY TRIAL DEMANDED**
                                    )
**Serve:** Edward Olender, Jr.          )
        Registered Agent and President  )
        355 Bridge Street            )
        Northampton, Massachusetts 01060 )
                                    )
                Defendant.          )

## COMPLAINT

Plaintiff, Innovative Legal Marketing, LLC ("ILM"), by counsel, brings this action against defendant Market Masters-Legal, A Resonance Company, Inc. ("Market Masters") for trademark infringement, false designation of origin and description of fact, false advertising, unfair competition, copyright infringement, common law infringement and common law unfair competition.

## PARTIES

1.      ILM is a Virginia corporation with its principal place of business at 4854 Haygood Road, Suite 101, Virginia Beach, Virginia 23455.

2.      Market Masters is a Massachusetts corporation with its principal place of business at 355 Bridge Street, Northampton, Massachusetts 01061.

## JURISDICTION AND VENUE

3.      This Court has personal jurisdiction over Market Masters because it is in the business of designing and creating television advertising for lawyers and law firms throughout the country, including Virginia, and thus, it has minimum contacts with Virginia. Additionally, Market Masters is subject to jurisdiction under Virginia Code § 8.01-328.1 as it transacts business in Virginia and has caused and is causing tortious injury to ILM in the Commonwealth, as described further below. Thus, Market Masters is subject to this Court's jurisdiction.

4.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331, 1332, and 1338(a) & (b), and the Copyright Act, 17, U.S.C. § 101, *et seq.* and has supplemental jurisdiction over the state common law claims under 28 U.S.C. § 1367(a).

5.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) & (c), and because a substantial part of the events or omissions giving rise to ILM's claims against Market Masters occurred in cities or counties in the Norfolk Division.

## FACTS

6.      In or about the beginning of 2008, Jerrold Parker, a partner with the law firm of Parker Waichman Alonso, LLP ("PWA"), attended a marketing conference on behalf of PWA. While there, he thought about PWA's phone number and was concerned that it was not memorable. As a result, Parker conceived of ideas for what he believed would be a "platinum number" that people would remember. It was at this time that Parker conceived of the idea for "Big Case." He did some research and determined that both the Uniform Resource Locator ("URL") for www.bigcase.com and the phone number 1-888-BIG-CASE were available for PWA's use.

7.     From March 2008 to January 2009, Parker negotiated for the URL and phone number, and was able to acquire both for the total cost of approximately $80,000.  Upon completion of the purchase, Parker called Rick Heideman at Market Masters.  PWA had been working with Market Masters since 2006 on PWA's television advertising campaigns.  Parker told Heideman that he did not think that any of Market Masters' commercials to date had been successful for PWA, and that Parker wanted to try a marketing campaign centered around the "Big Case" concept.  On the phone, Parker verbally provided Heideman with the outline of Parker's idea for an advertising campaign using Big Case.

8.     On January 23, 2009, Heideman provided Parker with a commercial using Parker's Big Case concept.  Parker disliked the commercial, so on January 24, 2009 he provided Heideman with a script for a Big Case commercial that Parker wanted Heideman to create and run that was very different from Heideman's original Big Case commercial.  *See* Email from Parker to Heideman attached hereto as Exhibit A and incorporated herein by reference.  Heideman created a commercial using Parker's script and Market Masters' subsequently aired that commercial and others using the Big Case concept on television stations in the New York viewing area.

9.     The Big Case commercials also used the Big Case trademarks, the Big Case URL, and the Big Case telephone number.

10.     On or about September or October 2009, the relationship between Market Masters and PWA terminated.

11.     Upon the termination of the relationship between Market Masters and PWA, there was no assignment by PWA of the Big Case commercial copyright, the Big Case trademarks, the Big Case URL, or the Big Case telephone number to Market Masters.

12. Since October 2009, ILM has been in the business of providing marketing services for lawyers and law firms, including creating advertising campaigns with customized television commercials, radio advertisements, internet ads, billboards, newspaper advertisements, direct mail and other print media and marketing materials.

13. ILM has offices in Virginia Beach and currently provides its services in Virginia, North Carolina, Pennsylvania, New York, Florida, New Mexico and Rhode Island (the "Service States").

14. In late 2009, ILM became the advertising consultant for PWA. Parker provided ILM with the Big Case idea and the script that he had developed and created and ILM hired a new spokesperson to appear in the Big Case commercials on behalf of PWA.

15. Subsequently, ILM, holding a license to the Big Case idea and script from PWA, created a series of television advertisements utilizing a number of distinctive trademarks for use in advertising campaigns for their clients. ILM has offered these advertisements to ILM's clients as part of a marketing package and then modified each package to fit ILM's clients' needs. All of the commercials, however modified, use the distinctive Big Case trademarks in the campaigns.

16. As a result of the creation of these advertisements and the design of these unique advertising campaigns featuring the Big Case copyright, trademarks, and other related intellectual property since at least October 2009, ILM has been providing its marketing services to lawyers and law firms under the distinctive trademarks and service marks BIGCASE, BIGCASE.COM and 1-888-BIG-CASE (the "BIGCASE Marks"). Copies of materials evidencing and illustrating ILM's use of the BIGCASE Marks are attached hereto as Exhibit B and incorporated herein by reference.

17.    By assignment, ILM owns a federal service mark registration, U.S. Registration No. 3,766,911, for the mark BIGCASE for "legal services." A copy of the registration certificate for this mark and assignment to ILM is attached hereto as Exhibit C and is incorporated herein by reference. ILM's federal service mark registration gives the company the exclusive right to use that mark subject to such registration throughout the United States.

18.    By assignment, ILM also owns a federal service mark registration, U.S. Registration No. 3,763,120, for the mark BIGCASE.COM for "legal services." A copy of the registration certificate for this mark and assignment to ILM is attached hereto as Exhibit D and is incorporated herein by reference. ILM's federal service mark registration gives the company the exclusive right to use that mark subject to such registration throughout the United States.

19.    By assignment, ILM also owns a federal service mark registration, U.S. Registration No. 3,863,509, for the mark 1-888-BIG-CASE for "legal services." A copy of the registration certificate for this mark and assignment to ILM is attached hereto as Exhibit E and is incorporated herein by reference. ILM's federal service registration mark gives the company the exclusive right to use that mark subject to such registration throughout the United States.

20.    ILM has also filed an application for a copyright registration on an expedited basis for the script from January 24, 2009 email (the "Commercial").

21.    ILM uses the BIGCASE Marks consistently in advertising campaigns for its clients. The television commercials from these advertising campaigns have aired on television stations across the country for lawyers and law firms, including in Norfolk for the law firm of Marcari, Russotto, Spencer & Balaban, P.C. A transcript of that commercial is attached hereto as Exhibit F and incorporated herein by reference.

22.    ILM has invested a substantial amount of time, money and other resources into marketing, advertising and promoting the BIGCASE Marks as part of its services.   This advertising and promotion has been accomplished by means of promotional and informational brochures, direct mail, print media, and online advertising, each of which have featured the BIGCASE Marks. *See* Exhibit B.

23.    Since its inception, ILM has developed substantial goodwill in the BIGCASE Marks, which are associated closely with ILM's business, and which serve to identify and distinguish the business and services of ILM from those of others and to indicate the source, origin, sponsorship and affiliation of ILM's services.

24.    Market Masters is in the business of designing and creating television advertising for lawyers and law firms in various states throughout the country, including, on information and belief, the Service States.  ILM has learned that Market Masters, without authorization, has used, adopted, appropriated and/or copied the BIGCASE Marks on its commercials, advertising campaigns and other forms of advertising to identify goods and services Market Masters provides services that are identical to those provided by ILM under the BIGCASE Marks.  An example of this use, adoption, appropriation and/or copying of the BIGCASE Marks by Market Masters is a commercial for the law firm of Kalfus & Nachman in Norfolk which is included as Exhibit G and incorporated herein by reference.

25.    Upon information and belief, Market Masters is designing and creating television advertising campaigns for lawyers and law firms in Virginia and throughout the country, including the Service States, which copy the BIGCASE Marks and copyrighted script, and use the phrase "Big Dollar Case."

26.   Upon information and belief, Market Masters is presenting the advertising campaign which uses "Big Dollar Case" as an original copyrighted campaign to lawyers and law firm in markets where they have licensees, including the Service States.  As a result, when ILM presents the BIGCASE campaign, which is an original copyrighted campaign aimed at lawyers and law firms, to the same potential clients that have already heard the Market Masters' concept, ILM is damaged.

27.   ILM has not licensed the BIGCASE Marks to Market Masters, nor has ILM authorized Market Masters to use or copy the BIGCASE Marks in any way.

28.   ILM has not licensed the BIGCASE copyright to Market Masters, nor has ILM authorized Market Masters to use or copy the BIGCASE copyright in any way.

29.   Through its use, adoption, appropriation, and copying of the BIGCASE Marks, without authorization, Market Masters has confused the consuming public, and unless enjoined is likely to continue to cause confusion or mistake among, or to deceive, the consuming public as to the source, origin, sponsorship or approval of the services provided by Market Masters and by ILM.

30.   ILM has been damaged as a consequence of Market Masters' unauthorized use of, adoption of, appropriation of, and copying of the BIGCASE Marks.

31.   In addition, Market Masters' conduct will cause ILM further immediate and irreparable injury, loss and damage for which ILM will have no adequate remedy at law.

32.   Market Masters' use, adoption, appropriation, and copying of the BIGCASE Marks without authorization shows willful misconduct, malice, fraud, wantonness, oppression, or the entire lack of care which would raise the presumption of conscious indifference to its consequences.

## COUNT I

### TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

33.     ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

34.     Market Masters' unauthorized use, adoption, appropriation and/or copying of the BIGCASE Marks is likely to cause confusion or to cause mistake, or to deceive, and constitutes an infringement of ILM's federal trademark rights in its registered service marks in violation of Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

35.     Market Masters' actions have damaged ILM and its business.

36.     Unless temporarily, preliminarily and permanently enjoined, Market Masters' conduct will cause ILM irreparable harm for which there exists no adequate remedy at law.

37.     ILM is entitled to recover from Market Masters all damages ILM has sustained due to Market Masters' improper conduct, as well as Market Masters' profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

38.     Market Masters' actions are willful and deliberate and amount to exceptional circumstances, justifying an award of attorneys' fees to ILM pursuant to 15 U.S.C. § 1117.

## COUNT II

### FALSE DESIGNATION OF ORIGIN, FALSE DESCRIPTION OF FACT AND FALSE ADVERTISING UNDER THE LANHAM ACT

39.     ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

40.     Market Masters' use of the BIGCASE Marks in conjunction with providing legal services constitute false designations of origin, or false or misleading descriptions or

representations of fact, that are likely to cause confusion, to cause mistake, or to deceive others to believe that the services actually offered by Market Masters are made by, sponsored by, approved by, originate with, or are affiliated with ILM.

41.     Market Masters' use of the BIGCASE Marks in conjunction with providing legal services constitutes false advertising that is likely to lead consumers to believe that Market Masters' services originate from ILM when they do not.

42.     Market Masters' actions constitute false advertising, false designation of origin, and false description of fact in violation of 15 U.S.C. § 1125(a).

43.     Market Masters' actions have damaged ILM and its business.

44.     Unless temporarily, preliminary and permanently enjoined, Market Masters' conduct will cause ILM irreparable harm for which there exists no adequate remedy at law.

45.     ILM is entitled to recover from Market Master all damages ILM has sustained because of Market Masters' improper conduct, as well as Market Masters' profits obtained from its infringing conduct, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

46.     On information and belief, Market Masters' actions are willful and deliberate, and they amount to exceptional circumstances, justifying an award of attorneys' fees to ILM pursuant to 16 U.S.C. § 1117.

## COUNT III

## UNFAIR COMPETITION UNDER THE LANHAM ACT

47.     ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

48.     ILM and its BIGCASE Marks have become associated uniquely with ILM's advertising services in the legal services field, and the public identifies ILM as the source for its advertising services for lawyer and law firms.

49.     Market Masters has marketed and continues to use the BIGCASE Marks for advertising services in the legal services field without ILM's consent and in doing so has deceived, misled, and confused consumers and enabled Market Masters to unfairly capitalize on and trade off of ILM's reputation and goodwill associated with its BIGCASE Marks.

50.     By adopting marks that are identical or so similar to ILM's BIGCASE Marks in connection with nearly identical goods and services, Market Masters is unfairly competing with ILM by conducting business on the goodwill built by ILM and diluting the distinctive value of ILM's BIGCASE Marks, which are some of ILM's core assets, in violation of 15 U.S.C. § 1125(a).

51.     Market Masters' actions have damaged ILM and its business.

52.     Unless temporarily, preliminary, and permanently enjoined, Market Masters' conduct will cause ILM irreparable harm for which there exists no adequate remedy at law.

53.     ILM is entitled to recover from Market Masters all damages ILM has sustained because of Market Masters' improper conduct, as well as Market Masters' services, in an amount to be proved at trial and to be trebled, pursuant to 15 U.S.C. § 1117.

54.     On information and belief, Market Masters' actions are willful and deliberate, and they amount to exceptional circumstances, justifying an award of attorneys' fees to ILM pursuant to 16 U.S.C. § 1117.

## COUNT IV

## COPYRIGHT INFRINGEMENT

55.    ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

56.    ILM has a valid copyright in the Commercial for which it is seeking an expedited registration certificate from the United States Copyright Office.

57.    On information and belief, Market Masters has copied and modified the content of the Commercial for its own purposes and is now using the copyrighted material and claiming it as its own.

58.    Market Masters' continued use and copying of the content of the Commercial infringed ILM's copyright.

59.    Market Masters' creation of derivative works from the content of the Commercials also violates ILM's copyright.

60.    As a result of Market Masters' infringement of its copyright, ILM is entitled to recover the actual damages suffered as a result of such infringement, as well as all of Market Masters' profits attributable to the infringement and any other damages obtained by Market Masters as a result of its knowing and intentional violation of the copyright.

61.    ILM is also entitled to both a temporary and permanent injunction preventing Market Masters from using, copying and/or distributing the Commercial, as well as any derivative works generated from them.

## COUNT V

## COMMON LAW INFRINGEMENT

62.     ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

63.     ILM has acquired considerable goodwill, distinctiveness, and wide-scale recognition with regard to its BIGCASE Marks.  ILM has invested heavily in advertising, promoting and using of the BIGCASE Marks in commerce throughout the United States, including this District, since at least as early as a date preceding Market Masters' adoption and use of the BIGCASE Marks in connection with advertising services in the legal services field. The public has come to associate the BIGCASE Marks with ILM and ILM's goods and services.

64.     Market Masters is using an identical mark on related and confusingly similar goods and services, in the same or similar channels of trade as ILM, without ILM's consent or authorization, and such use is highly damaging to ILM and its BIGCASE Marks.

65.     Market Masters' use of the BIGCASE Marks for its legal services has created a likelihood of confusion, mistake, or deception, and therefore infringes on ILM's BIGCASE Marks in violation of the common law of the Commonwealth of Virginia.

66.     Market Masters' actions damage and threaten to further damage the value of ILM's BIGCASE Marks, as well as the goodwill and the business associated with ILM's BIGCASE Marks.

67.     Unless temporarily, preliminary, and permanently enjoined, Market Masters' conduct will cause ILM irreparable harm for which there exists no adequate remedy at law.

68.     ILM is entitled to recover its damages and attorneys' fees from Market Masters in an amount to be proved at trial.

## COUNT VI

## COMMON LAW UNFAIR COMPETITION

69.     ILM incorporates herein and realleges, as if fully set forth in this paragraph, the allegations in the foregoing paragraphs above, inclusive.

70.     Market Masters' unauthorized use, adoption, appropriation and/or copying of the BIGCASE Marks constitute unfair competition in violation of the common law of the Commonwealth of Virginia.

71.     Market Masters' actions have damaged ILM and its business.

72.     ILM is entitled to recover its damages from Market Masters in an amount to be proved at trial.

73.     Unless temporarily, preliminarily and permanently enjoined, Market Masters' conduct will cause ILM irreparable harm for which there exists no adequate remedy at law.

## DEMAND FOR RELIEF

WHEREFORE, ILM respectfully requests that the Court enter an order:

1.      preliminary and permanently enjoining Market Masters and its officers, agents, servants, employees, representatives, attorneys, successors, licensees and assigns, and all others in active concert or participation with them, pursuant to 15 USC § 1116 and the equity jurisdiction of this Court, from using the BIGCASE Marks or any other mark in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of ILM's BIGCASE Marks, on or in connection with the provision of legal services;

2.      preliminary and permanently enjoining Market Masters and its officers, agents, servants, employees, representatives, attorneys, successors, licensees and assigns, and all others

in active concert or participation with them, from directly or indirectly falsely advertising or promoting the BIGCASE Marks or any other mark in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of ILM's BIGCASE Marks, on or in connection with the provision of legal services;

3. preliminary and permanently enjoining Market Masters and its officers, agents, servants, employees, representatives, attorneys, successors, licensees and assigns, and all others in active concert or participation with them, from making or inducing others to make any false, misleading or deceptive statement of fact, or representation of fact in connection with the promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of the BIGCASE Marks or any other mark in combination with other words or symbols, or any other marks or symbols which are confusingly or deceptively similar to, or colorably imitative of ILM's BIGCASE Marks, on or in connection with the provision of legal services;

4. preliminary and permanently enjoining Market Masters and its officers, agents, servants, employees, representatives, attorneys, successors, licensees and assigns, and all others in active concert or participation with them, from using the BIGCASE script and any of the creative elements contained in such script;

5. requiring Market Masters to pay damages to ILM in the amount of ILM's actual and consequential damages and any lost profits of ILM resulting from Market Masters' false and misleading advertisements and marketing, trademark infringement, copyright infringement, unfair competition, and the common law of the Commonwealth of Virginia;

6. cancellation of all of Market Masters' copyrights in any BIGCASE commercials;

7.      awarding ILM statutory damages in an amount of not less than $1,000.00 and not more than $100,000.00 pursuant to 15 U.S.C. § 1117(d);

8.      finding this an exceptional case and requiring Market Masters to pay ILM additional damages equal to three times the actual damages awarded ILM pursuant to 15 U.S.C. § 1117(a);

9.      requiring Market Masters to pay all of ILM's reasonable attorneys' fees, costs and expenses, including those available under 15 U.S.C. § 1117(a), and any other applicable law;

10.     awarding ILM prejudgment and post-judgment interest on any monetary award in this action; and

11.     awarding ILM such other and further relief as the Court deems just and equitable.


<u>**A TRIAL BY JURY IS DEMANDED**</u>


Respectfully submitted,

INNOVATIVE LEGAL MARKETING, LLC


By: _____
              Of Counsel

Gregory A. Giordano (Virginia State Bar # 15429)
Email: greg.giordano@troutmansanders.com
TROUTMAN SANDERS LLP
222 Central Park Ave, Suite 2000
Virginia Beach, VA  23462
(757) 687-7779 (voice)
(757) 687-1522 (facsimile)

Robert L. Brooke (Virginia State Bar # 23744)
Email: rob.brooke@troutmansanders.com
Megan C. Rahman (Virginia State Bar # 42678)
Email: megan.rahman@troutmansanders.com
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia  23218
(804) 697-1200 (voice)
(804) 697-1339 (facsimile)

*Counsel for Innovative Legal Marketing, LLC*